**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY PICKARD,<br><br>        Plaintiff,<br><br>   vs.<br><br>WMC MORTGAGE CORPORATION,<br>et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 09-1760 LJO GSA<br><br>**ORDER ON DEFENDANTS' F.R.Civ.P. 12<br>MOTIONS TO DISMISS**<br>(Docs. 5,8.) |

**INTRODUCTION**

Several defendants[1] seek to dismiss as meritless pro se plaintiff Jeffrey Pickard's ("Mr. Pickard's") claims arising from his home loan, default and foreclose on his Fresno property ("property"). Like many before him, Mr. Pickard relies on unsupported factual and legal claims which this and other Courts have rejected and continue to reject. This Court addresses sua sponte F.R.Civ.P. 12(b)(6) dismissal of Mr. Pickard's claims on the record and VACATES the November 20, 2009 and December 9, 2009 hearings set by defendants. For the reasons discussed below, this Court DISMISSES this action.

---

[1] Defendants Chase Home Finance LLC ("Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank National Association ("U.S. Bank") filed a F.R.Civ.P. 12(b)(6) motion to dismiss (doc. 8). Defendant WMC Mortgage Corporation ("WMC Mortgage") filed its separate F.R.Civ.P. 12(b)(6) motion to dismiss (doc. 5). Chase, MERS, U.S. Bank and WMC Mortgage will be referred to collectively as "defendants."

1

# BACKGROUND

## Mr. Pickard's Loan And Default

Mr. Pickard obtained a $270,000 mortgage loan from WMC Mortgage. The loan is secured by a recorded deed of trust ("DOT") encumbering the property.[2] The DOT identifies Mr. Pickard as borrower, WMC Mortgage as lender, Westwood Associates as trustee, and MERS as beneficiary.

After plaintiff failed to make loan payments, a Notice of Default and Election to Sell under Deed of Trust was recorded on February 26, 21009 and reflects $11,041.55 in arrears as of February 24, 2009.

By an Assignment of Deed of Trust recorded on April 1, 2009, MERS assigned the DOT to U.S. Bank.

A Substitution of Trustee was recorded on April 20, 2009 to substitute defendant NDEx West, LLC as DOT trustee.

A Notice of Trustee's Sale was recorded on May 29, 2009.

## Mr. Pickard's Claims

Mr. Pickard filed his original complaint in Fresno County Superior Court to allege California statutory and common law claims. The Fresno County Superior Court sustained WMC Mortgage's demurrer to Mr. Pickard's original complaint, and Mr. Pickard filed a first amended complaint ("FAC"), the claims of which defendants challenge here after removal to this Court.

# DISCUSSION

## F.R.Civ.P. 12(b)(6) Standards

Defendants attack the FAC's claims as deficient and beyond an attempt to cure by amendment.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte

---

[2] All documents pertaining to Mr. Pickard's loan, default and foreclosure were filed with the Fresno County Recorder.

2

prior to service of process on defendants).

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
> . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Citation omitted.)

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3] A "court may disregard allegations

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document

in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). A court properly may "'take judicial notice of matters of public record outside the pleadings'" and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citation omitted). As such, this Court may consider plaintiffs' pertinent loan and foreclosure documents.

## Failure To Satisfy F.R.Civ.P. 8

The FAC sprawls 24 pages of verbose text and includes impertinent case and statutory quotations.

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which

---

in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.

The FAC and each of its claims fail to satisfy F.R.Civ.P. 8 requirements. The complaint makes unintelligible allegations that "the bank never put up, nor used, any money of its own" and that "the bank did not fulfill its original promise . . . and did not contribute any lawful consideration." The FAC lacks relevant facts to support valid, cognizable legal theories as to defendants. The FAC appears to lump all defendants subject to its claims without distinguishing their alleged wrongs. The complaint fails to give defendants fair notice of claims plainly and succinctly to warrant dismissal of Mr. Pickard's claims. Moreover, WMC Mortgage notes that the FAC alleges claims different from those of the original complaint and which no court has authorized to further warrant dismissal of the newly alleged claims.

### National Currency Act

The FAC's first claim is entitled "Violated the National Currency Act" and appears to quote sections 27 and 53 of the National Currency Act with no facts.

The National Currency Act of 1863 and the National Bank Act of 1864 provided "for federal chartering of national banks." *Clarke v. Securities Industry Ass'n*, 479 U.S. 388, 410-411, 107 S.Ct. 750 (1987). The National Currency Act "authorized the formation of national banks. . . . It prohibited any transfer of bank assets in contemplation of insolvency or with a view to preferring one creditor of the bank over another." *Third Nat. Bank in Nashville v. Impac Ltd., Inc.*, 432 U.S. 312, 316, 97 S.Ct. 2307 (1977).

The FAC lacks allegations to support a National Currency Act violation or a viable private right of action to warrant dismissal of the FAC's first claim.

### Lack Of Standing

The FAC's second claim is entitled "Lack of Standing Defendant not Holder in Due Course." The claim alleges "defendant does not possess the original promissory note and has no standing to foreclose."

Defendants correctly note that California law does not require production of the original promissory note prior to non-judicial foreclosure.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has

been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003).  The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)).  Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid."  *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

The FAC's second claim fails in that defendants have standing to pursue non-judicial foreclosure. The FAC points to no deficiencies in the foreclosure process to warrant dismissal of the second claim.

### **Fraud**

The FAC's third claim is entitled "Fraudulent Concealment Misrepresentation No Loan Ever Existed." The claim alleges that "the loan does not exist," "the entire obligation was almost immediately satisfied by an unidentified third party," and "plaintiff has been defrauded out of thousands of dollars since the NOTE was signed and satisfied shortly thereafter."

Defendants fault the fraud claims absence of particular allegations to support fraud elements.

F.R.Civ.P. 9(b) requires a party to "state with particularity the circumstances constituting fraud."[4] In the Ninth Circuit, "claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). F.R.Civ.P. 9(b) requires "specific" allegations of fraud "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .

---

[4] F.R.Civ.P. 9(b)'s particularity requirement applies to state law causes of action: "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1995)(italics in original)).

8

In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("The complaint must specify facts as the times, dates, places, benefits received and other details of the alleged fraudulent activity.")

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Ca. 1988)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998)). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Moreover, in a fraud action against a corporation, a plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157, 2 Cal.Rptr.2d 861 (1991).

The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). The same elements comprise a cause of action for negligent

misrepresentation, except there is no requirement of intent to induce reliance. *Caldo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513, 519, 23 Cal.Rtpr.3d 1 (2004).

"[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. *Conrad v. Bank of America*, 45 Cal.App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996). "The absence of any one of these required elements will preclude recovery." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1332, 231 Cal.Rptr. 355 (1986). There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." *Conrad*, 45 Cal.App.4th at 157, 53 Cal.Rptr.2d 336.

The complaint is severely lacking and fails to satisfy F.R.Civ.P. 9(b) "who, what, when, where and how" requirements as to defendants. The complaint makes no effort to allege specific misrepresentations or names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. The complaint lumps all defendants without differentiating them. The complaint fails to establish fraud elements. The fraud allegations do not target particular defendants, and the complaint's global approach is unsatisfactory. The fraud claim's deficiencies are so severe to suggest no potential improvement from an attempt to amend. Moreover, allegations that Mr. Pickard did not receive a loan are contradicted by FAC allegations that Mr. Pickard "took the bank up on its offer to loan Plaintiff its money."

## Altering A Negotiable Instrument

The FAC's fourth claim is entitled "Altering a Negotiable Instrument" and alleges the "Defendant illegally sold Plaintiff's unregistered instrument." The claim further alleges that Mr. Pickard "mailed a Qualified Written Request asking for the above disclosure of the banking transaction on **May 13, 2009**" and that "Defendant has not responded within the sixty day response under law. 12 USC Section 2605 (b) (2)." (Bold in original.)

Defendants characterize the claim as "incomprehensible" and "nonsensical" and contend that the claim fails to support relief under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, et seq. Defendants point out that the FAC fails to allege that Mr. Pickard sent a proper qualified

written request ("QWR") under RESPA.

12 U.S.C. § 2605(e)(1)(B) defines a QWR:

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

The FAC does not describe Mr. Pickard's purported QWR, and it is not attached to the FAC. The FAC lacks allegations of a writing which addresses "that the account is in error" and to whom such writing was sent. Even if defendants failed to respond to a QWR, such failure alone does not substantiate a RESPA claim in that the FAC fails to allege plaintiffs' pecuniary loss to support a RESPA violation. *See* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the failure . . .") *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D. N.J. 2006) ("However, alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.")

Moreover, a purported RESPA claim is barred by the one-year limitations period of 12 U.S.C. § 2614(a). The "primary ill" which RESPA seeks to remedy is "the potential for 'unnecessarily high settlement charges' caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the service, typically at the closing." *Snow v. First American Title Ins. Co.*, 332 F.3d 356, 359-360 (5th Cir. 2003) (quoting 12 U.S.C. §2601(a)). Mr. Pickard closed his loan well more than a year prior to the June 10, 2009 filing of his original complaint.

The FAC's fourth claim fails to allege a viable, cognizable claim to warrant its dismissal.

**Attempt At Amendment And Malice**

Mr. Pickard's claims are insufficiently pled and barred as a matter of law. Mr. Pickard is unable to cure his claims by allegation of other facts and thus is not granted an attempt to amend, especially

11

given his unsuccessful attempt to amend with the FAC.

Moreover, this Court is concerned that Mr. Pickard has brought this action in absence of good faith and that Mr. Pickard exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Chase, MERS, U.S. Bank and WMC Mortgage;
2. DIRECTS the clerk to enter judgment in against plaintiff Jeffrey Pickard and in favor of defendants Chase Home Finance LLC, Mortgage Electronic Registration Systems, Inc., U.S. Bank National Association, and WMC Mortgage Corporation;
3. FINDS there is no just reason for delay to enter such judgment in that delay to appeal this order and judgment would prejudice defendants given the lack of merit of Mr. Pickard's claims;
4. ORDERS Mr. Pickard, no later than October 30, 2009, to file papers to show cause why this Court should not dismiss defendants Litton Loan Servicing LP, NDEx West LLC, and Recontrust Company, Inc.

**This Court ADMONISHES Mr. Pickard that this Court will dismiss this action against defendants Litton Loan Servicing LP, NDEx West LLC and Recontrust Company, Inc. if Mr. Pickard fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendants Litton Loan Servicing LP, NDEx West LLC and**

///

1 | **Recontrust Company, Inc.**

2 |     IT IS SO ORDERED.

3 | **Dated:   October 20, 2009**                        /s/ Lawrence J. O'Neill
                                                                       UNITED STATES DISTRICT JUDGE